## KEARNEY'S CASE.

*Supreme Court, First District; At Chambers, December,* 1861.

HABEAS CORPUS.—CONTEMPT.—COMMITMENT.—SUPPLEMENTARY
PROCEEDINGS.—COSTS.

On habeas corpus, if it appear that the prisoner is detained by virtue of an order
or judgment of a court or magistrate, directing the imprisonment, and the court
or officer had jurisdiction to pronounce such order or judgment, and, in cases
of contempt, if the contempt is specifically and plainly charged in the process,
—the prisoner must be remanded.

The provision of section 302 of the Code, bestowing upon the *judge* before whom
supplementary proceedings are commenced, the power to punish disobedience
to his order made therein, does not deprive the *court* of its general power to
punish such disobedience.

Sections 297 and 301 of the Code, taken together, authorize the judge before
whom supplementary proceedings are pending, to order the payment of the
costs of the proceedings, if property be found in the hands of the debtor suffi-
cient for that purpose.

Disobedience of such order by the debtor may be punished as a contempt.

Habeas corpus.

The prisoner had been examined upon supplementary pro-
ceedings in the New York Common Pleas, under a judgment
in favor of John O'Connell for $313.37. His examination re-
sulted in the discovery that he had some time before the exam-
ination disposed of certain property for about $1,100; for the
disposition of a considerable portion of this sum he did not ac-
count. He was accordingly directed to pay to the attorney for
the judgment-creditor the judgment, interest, and $25 costs of
the supplementary proceeding. On failure to obey this order
he was committed as for contempt. He then obtained a writ
of habeas corpus. The sheriff made return that he held the
prisoner by virtue of the following commitment:

[Title of the cause.]
The People of the State of New York, to the Sheriff of the
City and County of New York, greeting:

Whereas, on the 28th day of August, in the year eighteen hundred and sixty-one, an order was granted in the above entitled action by the Hon. John R. Brady, a judge of this court, at the chambers thereof, requiring the defendant Patrick Kearney to appear before William Sinclair, Esq., a referee duly appointed herein, at his office No. 3 Chambers-street, in said city, at 2 o'clock in the afternoon, on the 31st day of August, 1861, to be examined concerning his property, which said order was made on an affidavit of James M. Sheehan, plaintiff's attorney, by which it appeared that judgment was recovered in the Marine Court of the city of New York, on the 1st day of August, 1861, in favor of the plaintiff John O'Connell, and against the defendant Patrick Kearney, for $313.37, and on said 1st day of August a transcript of said judgment was filed and docketed in the office of the clerk of the city and county of New York, and an execution was, on the said 1st day of August, duly issued to the sheriff of said city and county, which was before the said 28th day of August duly returned wholly unsatisfied; and the said affidavit and order having been duly served on the said defendant; and he, the said defendant, having appeared before said referee, as in said order directed, and having been duly sworn and examined concerning his property, and the same being duly certified by said referee to a judge of this court.

And whereas, an order to show cause was, on the 17th day of September, 1861, made by the Hon. Henry Hilton, a judge of this court, at the chambers thereof, why the said defendant should not pay to the plaintiff or his attorney the amount of the judgment herein with costs, which order was made on the proceedings heretofore had herein, the examination of the defendant, the report of the referee, and the affidavit of James M. Sheehan, and the same duly served on the defendant; and on hearing James M. Sheehan, plaintiff's attorney, in behalf of said motion, and Richard Oatis, Esq., of counsel for the defendant, in opposition thereto, an order, of which the following is a copy, was made and entered herein:

"In the Court of Common Pleas in and for the City and County of New York.—John O'Connell a. Patrick Kearney.— At the Chambers of the Court of Common Pleas, held at the City Hall of the City of New York, the 27th day of September, in the year 1861. Present—Hon. Henry Hilton, Judge.

"On reading and filing the affidavit and order for examination of Patrick Kearney, the judgment-debtor herein, and the order to show cause why the defendant should not pay to the plaintiff or his attorney the amount of the judgment herein, with costs; and on hearing James M. Sheehan, attorney for the plaintiff, in support of said motion, and Richard Oatis, Esq., in opposition thereto, and due deliberation being thereupon had; it is ordered that said Patrick Kearney pay James M. Sheehan, plaintiff's attorney, the amount of the judgment herein, with interest, and twenty-five dollars costs and disbursements of the supplementary proceedings, within ten days, or in default thereof that an attachment issue.     HENRY HILTON."

And whereas, said order was duly served on said defendant, on the 27th day of September last, and he has not complied therewith, as appears from the affidavit of James M. Sheehan herein, to the great injury of the plaintiff herein.

Now you are required and commanded to forthwith attach the said defendant Patrick Kearney, and commit him to the county jail of this county, and detain him there in close custody until he complies with said order, and pays said James M. Sheehan $313.37, amount of judgment and interest thereon, from the 1st of August, 1861, and twenty-five dollars costs, or until he be discharged by due process of law.

Witness—Hon. Charles P. Daly, F. J., Court of Common Pleas for the City and County of New York, at the City Hall, in said city, this 8th day of October, 1861.

By special order of court,

NATHANIEL JARVIS, Jr., Clerk.

[Indorsed],

By special order of the court,

NATHANIEL JARVIS, Jr., Clerk.

There was a traverse to a portion of the return; and objections were taken by the prisoner to the regularity in substance of the commitment. He also contended that a commitment for the non-payment of $25 costs was erroneous.

*Browne & Oatis*, and *H. D. Lapaugh*, for the prisoner.— I. There is no order directing any attachment to be issued to the sheriff of the city and county of New York, or to any other sheriff or person whatsoever.

II. The attachment is void on its face. 1st, it does not show any legal cause for imprisonment; nor, 2d, that it is for any contempt specifically and plainly charged, and the commitment by some court or officer or body having authority to commit for the contempt so charged. (3 *Rev. Stat.*, 887, 5 ed., § 55, subd. 3.)

III. It falls, 1st, within 3 Rev. Stat., 887, 5 ed., § 56, subd. 1; 2d, within subdivision 3 of the same section. The law requires, in a case like this, that (3 *Rev. Stat.*, 853, 5 ed., § 24) "in such case the order and process of commitment shall specify the act or duty to be performed, and the amount of the fine and expenses to be paid." 3d. It likewise comes under 3 Rev. Stat., 887, § 56, subd. 5.

IV. The attachment under consideration proclaims that it was issued "by special order of the court," and the clerk of the court indorses thereon his certificate to that effect, as he is required to do, whenever such is actually the fact, under 3 Rev. Stat., 852, § 14. The respondent returns that he has the relator in custody, by virtue of a commitment from the Court of Common Pleas. The proof, however, shows that the Court of Common Pleas made no such order, nor any order at all, that any attachment issue.

V. Judge Daly, sitting as a mere commissioner or a judge at chambers was, and he is, wholly without power or authority to punish, as for contempt, for the disobedience of the chamber-order of Judge Hilton. That belongs to the judge who made the order disobeyed, and was so held by Judge Daly himself, in Shepherd *a.* Dean. (13 *How. Pr.*, 174; S. C., 3 *Abbotts' Pr.*, 424. See, also, *Code*, § 301). A judge acting out of court is an officer of limited jurisdiction. He may do just what the Legislature has authorized him to do; and whatever he does more than this, is done without jurisdiction. (Bangs *a.* Selden, 13 *How. Pr.*, 374.)

VI. The case, as presented, fails even to show that the order of Judge Hilton was made in any proceeding supplementary to the return of an execution; and in the absence of that being shown, the law gave Judge Hilton no power to make any order for the application of property towards the satisfaction of the judgment, nor any power to direct the defendant to pay the amount of the judgment or costs to James M. Sheehan, the plaintiff's attorney.

VII. Even if it were assumed, for argument's sake, that the chamber-order of Judge Hilton had all the force and effect of the rule or order of court for the payment of money, contemplated by 3 Rev. Stat., 769, § 4, still there would be no contempt established. Until personal demand and refusal to pay, there is no contempt. A personal service of the original rule and *allocatur*, and a personal demand, made by a party entitled to receive, of the party bound to pay or deliver, is always essential to perfect the contempt of court, and cannot be dispensed with. (3 *Chitty Gen. Pr.*, 603 ; 2 *Barb. Ch.*, 271 ; Lorton *a.* Seaman, 9 *Paige*, 609 ; Decarse *a.* Warne, 1 *Hodges*, 91 ; *Exp.* Howe, 4 *Barn. & Adolph.*, 442 ; Rogers *a.* Twisdale, 3 *Dowl.*, 362.)

VIII. The order of Judge Daly is not only not an order of court, but it does not state the cause of the commitment, nor specify the act or duty to be performed. It does not direct an attachment to issue to any sheriff or other person. It runs to no county nor place, nor does it designate any place of commitment or imprisonment, nor to whose custody the relator is to be committed.

IX. The relator has not been adjudged guilty of any contempt.

*James M. Sheehan* and *F. H. B. Bryan*, for the judgment-creditor.—I. The order made by Daly, one of the judges of the Common Pleas, has been produced, directing the issuing of the precept of commitment. The legal presumption from this order is, that it was made by the judicial officer at special term, which, under the new organization of the courts, is the court. That it was an order duly filed, appears from the indorsement. That it was an order duly entered, and therefore made at special term, is apparent from the indorsement of the clerk of the Common Pleas on the commitment. But if the clerk had even omitted to enter the order, it could not affect this application. It would be a mere irregularity. (Myers *a.* Janes, 3 *Abbotts' Pr.*, 301.) The conclusion, in that case, is arrived at, that on habeas corpus, the only ground upon which the proceedings can be impeached, or the proceedings inquired into, is, that the officer had no jurisdiction. This court has recently held, that on habeas corpus, the jurisdiction of the officer making the

commitment can alone be inquired into. (Davison's Case, 13 *Abbotts' Pr.*, 29.) If this case is to be governed by the same rule,—*i. e.*, whether the officer had jurisdiction,—it is easily disposed of.

II. The return of the sheriff shows the commitment by which he holds the prisoner. The inquiry, then, is, the order being proved directing the commitment, Does the commitment substantially show jurisdiction? The commitment recites substantially all the facts necessary to inform the officer on habeas corpus, that the prisoner is committed for the non-payment of a specific sum of money, which, by an order of the judge before whom the motion to direct the payment of it was heard, he was found to have in his hands, sufficient to satisfy the judgment and the costs of the proceedings; and that this order was made under proceedings supplementary to execution. If the commitment in substance shows that the prisoner is committed for disobedience of a lawful order of the judge, directing him to pay a sum of money, under proceedings supplementary to the execution, it is sufficient. In the case of The People *a.* Nevins (1 *Hill*, 154), it was held, that where a cause is assigned in substance, even although it be without technical words, the prisoner could not be discharged. An officer on habeas corpus had no jurisdiction to try whether the form were proper or not. A defect of form would be no cause for a discharge, even on motion. An attachment to appear and answer is not the remedy for disobedience of an order to pay money. In such case, a precept to commit, issues directly. (2 *Barb. Ch.*, 271; 1 *Hoffm.*, 429; 2 *Rev. Stat.*, 535, §§ 4, 5.) The Code has not changed the practice. (People *on rel.* Pease *a.* King, 9 *How. Pr.*, 97.)

III. The officer on habeas corpus will take judicial notice of the authority conferred by law on judges, under the sections of the Code relative to supplementary proceedings (§§ 292, 297, 300–302). The commitment shows, in substance, a compliance with these sections of the Code.

IV. The objection made, that the commitment should be by the judge, and not by the court, is not well taken. The court may, by precept of commitment, punish for disobedience of an order made by a judge. (Wicker *a.* Dresser, 4 *Abbotts' Pr.*, 93; S. C., 13 *How. Pr.*, 331.)

V. It results from this examination, that on habeas corpus, the officer cannot review the proceedings, but must, on the commitment indicating the detention of a prisoner for not obeying a proper order of the judge, made in supplementary proceedings, the judge having jurisdiction to make the order, find that, as the commitment indicates, the prisoner is in cus- tody for a contempt of the order, and remand him. 3 Rcv. Stat., 5 ed., § 55, subd. 5, directs a remand by the officer, where the prisoner is charged with a contempt. The paper returned by the sheriff is a commitment of the prisoner for disobedience of an order of the judge, duly served upon him under section 302 of the Code.

LEONARD, J.—Kearney applies to be discharged from imprisonment on habeas corpus.

He was committed to jail as for contempt, on attachment issued out of the New York Common Pleas, for disobedience of an order made by Judge Hilton, in proceedings supplementary to execution, directing Kearney to pay the plaintiff in such proceedings the amount of the judgment therein, with interest, and $25 costs and disbursements, within ten days, or in default thereof that an attachment issue.

The writ of attachment recites the said proceedings and the said order, also the service of the order on Kearney; the lapse of ten days appears from the dates; and the default of Kearney in not complying with the order is stated. The process then directs the sheriff to attach Kearney, commit him to jail, and there detain him in close custody till he complies with the said order and pays the judgment, $313.37, and interest from August 1, 1861, and $25 costs, or until discharged by due process of law.

The order directing the issue of this attachment has been brought into court, and appears to be signed by Judge Daly as an order in a proceeding before him, but is entitled " At Chambers of the Court of Common Pleas, of the City and County of New York."

The clerk of that court has indorsed the writ " By special order of the court."

The counsel for the relator insists that no contempt is charged in the process, and that the order for the attachment to issue and to commit the prisoner was made without authority.

The law in respect to habeas corpus precludes any inquiry into the justice or legality of the order or judgment directing the imprisonment.    Those questions are to be determined on appeal, or in some way other than by habeas corpus.    If the court or officer had jurisdiction to pronounce the order or judgment directing the imprisonment, and in cases of commitment for contempt, if the contempt is specifically and plainly charged in the process, the prisoner must be remanded.

It is not claimed that Judge Hilton had not authority to direct the payment of money by the defendant Kearney in proceedings supplementary to execution.

The point made in this respect, in behalf of the prisoner, is that the proceedings not being before Judge Daly, he had not authority or jurisdiction, under section 302 of the Code, to order the attachment to issue; and that the Court of Common Pleas had not the jurisdiction to direct its issue, but the judge alone before whom the proceeding was pending.

That the clerk marked the process ".By special order of the court" in an unauthorized manner.

The objection is of course strictly technical, and does not involve the real merits of the imprisonment.    The prisoner is, however, entitled to a fair consideration of the questions raised.

The conflicting authority of the two cases reported in 13 *How. Pr.*, has perhaps given rise to this application: Shepherd *a.* Dean (173) holding that the contempt could be adjudged only by the judge before whom the proceedings were pending; while Wicker *a.* Dresser (331; S. C., 4 *Abbotts' Pr.*, 93) holds not only that the process may be issued by another judge, but also by the court.

The latter decision having been made in the Supreme Court of this district, should, I think, now be adhered to in this case. I am also satisfied with the reasoning of the learned judge who pronounced the decision.

The order directing the attachment to issue must be considered as the order of the court, and that the clerk regularly marked the writ.

The writ omits to state that the prisoner was adjudged to be guilty of contempt, but the facts stated clearly amount to a contempt.    The attachment, in this respect, plainly charges a contempt.    It was also objected by the counsel for the prisoner,

that he was incarcerated for the non-payment of $25 costs, as well as the non-payment of the judgment, and that imprisonment for costs had been abolished.

Sections 297 and 301, taken together, warrant the judge to order the payment of costs, if property be found in the hands of the debtor sufficient for that purpose.

In such case the default of the prisoner in not paying the costs was a contempt, as well as in neglecting to pay the judgment. We are not at liberty to inquire whether the prisoner had the money or not. If the judge erred in adjudging that the prisoner had the money, his remedy exists in another way, but not by the writ of habeas corpus.

Nor is the prisoner remediless.

Section 302 authorizes the judge who committed him, or the court in which the judgment was rendered, to discharge him, if the prisoner is unable to pay the money directed to be paid, or to endure his imprisonment.

The habeas corpus must be discharged, and the prisoner remanded.

---

# CLARK *a.* MEIGS.

*New York Superior Court; General Term, July,* 1861.

### PLEADING.—COMPLAINT AGAINST STOCK-BROKER.

A complaint in an action to recover damages from brokers, which shows that they purchased stock for the plaintiff, to be delivered to him at his option within a specified time, but sold it meanwhile against his express instructions, need not allege a demand and tender on the part of the plaintiff.

It is the duty of such agents to keep the stock on hand.

The allegation that defendants sold it, may be deemed, on demurrer, to imply that they had perfected the sale by delivery.

Appeal from judgment on demurrer to complaint.

The action was brought to recover from the defendants, Charles A. Meigs, Augustus Greenleaf, and E. B. Greenleaf, who were stock-brokers, damages for having sold, against their duty as agents of plaintiff, stock which they had purchased for him.