## GEORGE A. MOORE

*v.*

## JOHN MAUCK.

1. ATTACHMENT—*defective affidavit, when amendable, not void but void-able.* When the statute has provided that affidavits in attachment proceedings may be amended, although informal and not in conformity with its requirements, a sufficient amount of vitality is thereby imparted to such instruments as to render them voidable only, and not absolutely void.

2. An affidavit for a writ of attachment before a justice of the peace, which does not state on what account the indebtedness was incurred, or that affiant believes he is entitled to recover the amount claimed to be due, after allowing all just credits and set-offs, or the residence of the debtor, or that, upon diligent inquiry, affiant can not ascertain his place of residence, but which contains all the other requisites under the statute, is defective but not void, and can only be attacked in a direct proceeding, and is sufficient to protect those acting under it.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. BENJAMIN C. TALIAFERRO, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The declaration has two counts: in the first, the charge is that defendant wrongfully took, etc., the goods and chattels of the plaintiff; the second is for wrongfully and forcibly taking possession of certain premises occupied by the plaintiff and his family.

The defendant pleaded not guilty, and gave notice that he would prove and rely for his defense upon the following special matters:

*First*—That in the month of February, 1873, defendant instituted two suits of attachment against plaintiff, before

Henry Hoagland, justice ; that the property described in the declaration was levied on by the writs of attachment, and that judgment was rendered upon the attachment in favor of the appellee, and property ordered to be sold.

*Secondly*—That Mary A. Moore, who was the wife of appellant, was left in charge of appellant's property, as his agent ; that on the 28th day of February, 1873, she took out a writ of replevin for said property in the declaration described, and that she set up and claimed the same was appellant's property, and exempt from levy by attachment. She also set up, in said suit, that the writ of attachment was void, and that issue was tried and determined against the appellant on that trial.

*Thirdly*—That the land described in the second count of the declaration belonged to appellee ; that it had been occupied by appellant, as appellee's tenant, during the year 1872, ending on the first of March, 1873 ; that appellant and his son had gone to the State of California, and that the said defendant caused a notice to be left at the house on the premises, and that, upon the serving of the said notice, appellant's wife and family left the premises, and appellee took possession and rented it to another person.

Trial was had, and the issues submitted to a jury, who returned a verdict for the defendant, upon which the court gave judgment.

It is agreed by both parties, that the goods and chattels of the plaintiff, which the defendant is charged with taking, were taken by virtue of two writs of attachment, issued by a justice of the peace at the suit of the defendant against the plaintiff.

The first objection taken by the plaintiff to the proceedings in attachment is, that the proceedings were void because of the insufficiency of the affidavits.

The affidavits fail to observe the form given in the first section of the act relating to "Attachments before Justices." (2 Gross, 5,) in this : "Affiant does not state on what account the indebtedness was incurred, nor that he believes he is en-

titled to recover the amount claimed to be due, after allowing all just credits and set-offs, nor does he state the residence of the debtor, if known, or if not, that the affiant has made diligent inquiry and can not ascertain his place of residence." The affidavits, however, give the names of the parties to the suits, state that the defendant is indebted to the plaintiff therein, naming, with precision, the amount of the indebtedness, and alleges that the defendant has departed from this State, and is concealing himself so that process can not be served upon him, and that he has, within two years last past, fraudulently disposed of his property and effects, for the purpose of hindering, delaying and defrauding his creditors in the collection of their debts.

By the twenty-eighth section of the act entitled "Attachments in Circuit Courts," in force July 1, 1872, (2 Gross' Stat. p. 11,) which, by the fifteenth section of the act entitled "Attachments before Justices," in force July 1, 1872, (2 Gross' Stat. p. 11,) also applies to the last named act, it is provided: "No writ of attachment shall be quashed, nor the property taken thereon restored, nor any garnishee discharged, nor any bond by him given canceled, nor any rule entered against the sheriff discharged, on account of any insufficiency of the original affidavit, writ of attachment, or attachment bond, if the plaintiff, or some credible person for him, shall cause a legal and sufficient affidavit or attachment bond to be filed, or the writ to be amended, in such time and manner as the court shall direct; and in that event the cause shall proceed as if such proceedings had originally been sufficient."

Under a statute, not more liberal in respect to the allowance of amendments, it was held, in *Booth et al.* v. *Rees*, 26 Ill. 48, that an affidavit for an attachment before a justice of the peace, asserting, "on information and belief," that defendant is a non-resident of the State, will be a defense for those acting under it, in an action of trespass—the indebtedness being positively sworn to. And, as is shown by the opinion of the court, it was upon this principle: "Where the statute has

provided that affidavits in attachment proceedings might be amended, although informal, and not in conformity with its requirements, a sufficient amount of vitality was thereby imparted to such instruments as to render them voidable only, and not absolutely void." In discussing the question, the court conceded that an affidavit might be so defective as to be insusceptible of amendment, as, where the names of the parties are omitted, no amount of indebtedness is stated or no ground for suing out the attachment is alleged, and added: "But where it contains the names of the parties, the amount of the indebtedness, and specifies any of the statutory grounds for issuing the writ, however defectively stated, or if it shall contain some of the statutory requirements and omit others, it may be amended." That these affidavits possess such requirements, we have already shown, so we now say, as was there said: "Whilst these affidavits were defective, they were not void, and can only be attacked in a direct proceeding, and are sufficient to protect those acting under them."

The writs of attachment were not personally served. They were returned on the 26th of February, A. D. 1873, when the causes were continued to the 13th day of March, A. D. 1873, and notice was given to the defendant by publication. It is insisted the publication was insufficient, because it states the continuance was to the tenth instead of the thirteenth of March.

We have carefully examined the record, and are of opinion this objection is made under a misapprehension. In one case, it is true, it appears the notice copied into the transcript of the record as it was first written, showed the continuance was to the "tenth" of March; but the syllable "thir" is interlined immediately before the word "tenth," with the intention, as, we suppose, to make it read "thirteenth." And we shall so read it, notwithstanding the misspelling of the word and the awkwardness of the interlineation. In the other case, the

word "thirteenth" is plainly written in the copy of the notice, as the day to which the cause was continued.

This renders it unnecessary to notice the other objections urged on this branch of the case.

With regard to the other branch of the case, the questions of fact whether the plaintiff's term expired March 1, 1873, and whether the defendant used violence or unauthorized means to eject the plaintiff's family from the premises, were for the jury; and, as we understand the evidence, there is no sufficient ground to set aside their finding. We deem it unnecessary, therefore, to discuss the evidence at length.

The instructions, as a whole, present the law applicable, under the evidence, correctly, and we perceive no good reason to disturb the judgment. It is, therefore, affirmed.

*Judgment affirmed.*