[No. 6,349.—Department No. 1.]

## SARGENT *v.* THE LINDEN MINING COMPANY.

INSTRUCTIONS—PLEADING—VARIANCE.—In an action in *indebitatus assumpsit*, for work and labor done in and about the defendant's mining claim, between the 6th day of June, 1876, and the 15th day of November, 1877—the complaint alleging in one count a promise to pay, and in another the value of the work—it appeared from the plaintiff's testimony that there was no understanding or agreement as to how much he was to receive, or as to how he was to receive it, prior to July 5th, 1877; but the Court instructed the jury in effect that, if the plaintiff went to work upon the defendant's mining claim, in June, 1876, under an express contract to receive reasonable wages out of the proceeds of his labor on the mine, without looking to the company personally, and after doing preparatory and unremunerative work at considerable expense, was discharged by the defendant, without good cause, before he had taken out reasonable wages, then the defendant was liable to the plaintiff for such reasonable wages: *Held*, that the instruction was a substantial departure from the case made by the pleadings and the evidence, and could not be sustained.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Eleventh District Court, County of El Dorado. WILLIAMS, J.

*Charles F. Irwin*, for Appellant.

The instruction was erroneous, and tended to mislead the jury : first because it was not pertinent to any issue made by the pleadings ( *Conlin* v. *S. F. & S. J. R. R. Co.* 36 Cal. 404 : *Thompson* v. *Lee*, 8 id. 275) ; and secondly, because there was no evidence upon which to predicate it. (*Mecham* v. *McKay*, 37 Cal. 154 ; *Bowers* v. *Cherokee Bob*, 45 id. 495.)

*Geo. G. Blanchard* and *W. W. Likens*, for Respondent.

MORRISON, C. J. :

The complaint in this case contains two counts, the first averring that on the 15th day of November, 1877, the defendant was indebted to plaintiff in the sum of $873.43, balance due on an account for work and labor done and services rendered by plaintiff to the defendant, at defendant's special instance and request, in and about a certain mining claim, between the 6th day of June, 1876, and the 15th day of November, 1877; and the second being substantially the same, with the additional

averment that the work and labor done and services rendered were reasonably worth the sum of $873.43. The case was tried before a jury, and a verdict was rendered in favor of plaintiff for the amount claimed. The appeal is taken from the judgment, and order of the Court denying defendant's motion for a new trial. Numerous errors are assigned on the appeal, only one of which will be noticed, and that is sufficient to call for a reversal of the judgment.

When the evidence was closed, and before the cause was submitted, the Court below, at the request of the plaintiff, gave the following instruction to the jury :

"If the plaintiff went upon the defendant's mine to work in June, 1876, with the understanding and consent with defendant that he should take what is called ' bed-rock ' pay, and that the meaning of ' bed-rock ' pay is that plaintiff should receive reasonable wages or pay from the mine itself, without looking to the company personally, and that plaintiff with this understanding and consent was compelled with the knowledge of defendant to sink a shaft and run drain drifts, which is dead-work, and did run such drain drifts, tunnel, and sink shafts at considerable expense, then, if the defendant discharged plaintiff before he had taken out reasonable wages or pay without any good cause, it is liable to plaintiff for such reasonable wages, less the amount he has received from said mine prior to such discharge."

It seems to us that the theory of the plaintiff's case, suggested and presented by the foregoing instruction, is a substantial departure from the case made by the pleadings and the evidence. As already stated, the complaint contains two counts, both of which are in *indebitatus assumpsit*, and founded on a contract to pay plaintiff so much money for work and labor done and performed by him at defendant's special instance and request, and the evidence offered by the plaintiff was introduced for the purpose of sustaining this theory.

The plaintiff testified on the trial as follows : "There was no agreement between me and the trustees relative to my working the mine. I had no express agreement with the trustees, is what I mean by not having an agreement ; but they knew that I was at work, and made no objection. One of the trustees

worked with me, and others were anxious to know the progress we were making in working the mine. There was no express understanding or agreement between me and the company as to how much *I was to receive, or how I was to receive it,* prior to July 5th, 1877. Since July 5th, 1877, the understanding was that those who desired could continue to work the same as before, and should receive two dollars and a half per day when it came out, from the proceeds of the mine, after first paying the working expenses, it being provided that we were to continue to have work. No time was specified that we were to have work. The only chance for me to get my pay was to be out of the mine. My understanding of the agreement was, that we were to continue to work until we got our pay."

There is no pretense that any agreement to pay the plaintiff out of the proceeds of the mine, was made prior to the 5th day of July, 1877, and the ground upon which plaintiff based his right of recovery for services rendered by him before July 5th was, that he worked upon defendant's mining ground with the knowledge of the officers of the company. If the plaintiff performed work and labor upon the defendant's mine under circumstances which would make the company liable, that liability would simply be to pay plaintiff what such services were reasonably worth. But the instruction of the Court went upon an entirely different theory of the case, and by it the jury was told that if the agreement was that plaintiff was to be compensated for his services from June, 1876, down to November, 1877, out of the proceeds of the mine, and if, before such proceeds yielded such compensation, defendant discharged plaintiff without good and sufficient cause, he had a right to recover what such services were reasonably worth.

The pleadings and the evidence did not authorize the instruction. There must have been an express contract between the company and plaintiff, that he should be allowed to work the mine for a definite or an indefinite time, and pay himself out of the proceeds thereof, for the law would not make such a contract by implication; and it is not pretended that any such contract was made, or that any understanding to that effect existed before the 5th day of July, 1877. The Court, therefore, had no right to extend such contract back to the 6th day of June, 1876.

For the error committed by the Court, in giving the instruction complained of, the judgment and order denying defendant's motion for a new trial are reversed.

McKINSTRY, J., and ROSS, J., concurred.