EDWIN WHIPPLE, *by his next friend, Frank B. Whipple,* v. THE UNION PACIFIC RAILWAY COMPANY.

PERSONAL INJURIES; *Action Against Consolidated Railway Company.* In August, 1879, the Kansas Pacific railway company owned and operated a line of railway through the city of Lawrence, and while so owning and operating its railroad, one of its trains ran over and injured the plaintiff. In January, 1880, the Kansas Pacific railway company, the Denver Pacific railroad and telegraph company and the Union Pacific railroad company entered into an agreement of consolidation, by which agreement they formed, or attempted to form, the Union Pacific railway company, and to such company, by the articles of consolidation, transferred all their respective properties. The articles of consolidation expressly stipulated that the consolidated company should not be liable for the individual debts of the constituent companies, but that such constituent companies should continue in existence for the purpose of adjusting all claims and demands, and also that the consolidation should not prevent the enforcement of any valid obligation or liability of either constituent company against the properties so transferred by such constituent company. *Held,* That before the plaintiff could [maintain an action against the consolidated company, whether such consolidation articles were valid and such consolidated company a legal corporation, or the articles of consolidation void and the consolidated company a mere irregular association, he must, by an action against the Kansas Pacific Railway Company, the party who did the injuries, convert his unliquidated claim into a liquidated demand, and have both the fact and the amount of the Kansas Pacific Company's liability adjudicated.

*Error from Douglas District Court.*

ACTION brought by *Edwin Whipple,* an infant, by his next friend, Frank B. Whipple, against the *Union Pacific Railway Company,* formerly the Kansas Pacific Railway Company, to recover damages for personal injuries. Trial at the November Term, 1881, of the district court, and verdict and

judgment for the defendant. The plaintiff brings the case here. The opinion sufficiently states the facts.

*Byron Sherry,* and *Thomas P. Fenlon,* for plaintiff in error.

*W. A. Johnston,* attorney general, for The State.

*J. P. Usher,* and *A. L. Williams,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On June 15th, 1880, plaintiff in error (plaintiff below) commenced his action against the defendant to recover for personal injuries. The name of defendant as stated in the title to the petition is, "Union Pacific Railway Company, Kansas Division, formerly Kansas Pacific Railway Company." In the body of the petition it is alleged "that said Union Pacific railway company, Kansas division, formerly Kansas Pacific railway company, defendant, is a railway company" duly organized under the laws of the state of Kansas, and as such corporation was, on the second day of August, 1879," etc. The petition further alleged, that the injuries were done on the second day of August, 1879. Defendant answered by a general denial, and afterward, by leave of the court, filed an amendment to its answer, which, duly verified, denied that it was a corporation organized under the laws of the state of Kansas, as alleged in the petition. Upon the trial, after plaintiff had offered testimony tending to establish the allegations of his petition, and had rested, the defendant showed that at the time of the injury the Kansas Pacific railway company, a corporation organized under the laws of the state of Kansas, was the owner of and operating the road; that subsequently thereto, and on the 24th day of January, 1880, the Kansas Pacific railway company was consolidated with the Union Pacific railway company and the Denver Pacific railroad and telegraph company, and by such consolidation became merged in the Union Pacific railway company; and that the consolidated company, the Union Pacific railway company, was since operating the road, and that all the agents and employés along the line of the road were the agents

and employés of the consolidated company. A copy of the articles of consolidation was offered in evidence. Upon this testimony, the district court instructed the jury to return a verdict for the defendant. Thereupon the plaintiff made a motion for a new trial, and in connection therewith asked leave to amend his petition so as to allege that at the time of the injury the Kansas Pacific railway company owned and operated the road, and that on the 24th day of January, 1880, this corporation was consolidated with the Union Pacific railway and the Denver Pacific railroad and telegraph company, and by said consolidation forming and composing the present defendant; that by said consolidation the present defendant became possessed of all the properties and charged with all the liabilities of the Kansas Pacific railway; and that in pursuance thereof the present defendant had taken possession of the road and other properties of the Kansas Pacific railway company, and the latter company had wholly ceased to operate the road or to have any agents within the state of Kansas; and that the present defendant had ever since been operating this road as a part of its line. This motion for leave to amend, and for a new trial, was overruled; and now the plaintiff brings the case here for review.

Plaintiff contends that the consolidation is, so far as the Kansas Pacific railway company was concerned, absolutely null and void; and secondly, that if it be valid he has a right to maintain this action directly against the defendant under the terms of the consolidation. On the other hand, defendant contends that the consolidation is valid, and that under its terms no action can be maintained against the defendant on account of this injury; and further, that the question of the validity of the consolidation is not properly presented in this case, and cannot properly be determined under the issues as formed by the parties. Very full and elaborate arguments have been made on both sides upon all these questions, and we have also been favored with briefs prepared by the attorney general of the state and other learned counsel in cases involving the validity of this con-

solidation, pending in the United States circuit courts. Of course the first inquiry necessary is, what issues were presented by the pleadings, for it would be not only unnecessary but improper for us to enter into a discussion and determination of questions whose decision would in no way affect the judgment in this case. And here we remark, that the validity of the consolidation is not in issue in this case. The reasons for this will be obvious as we proceed. And first, it is evident that under the pleadings and the testimony there are but two corporations, either in fact or in name—one the Kansas Pacific railway company, and the other the Union Pacific railway company. There is no corporation, no organization, either in law or in fact, bearing the name of the Union Pacific railway, Kansas division—none known or passing under such name.. There was and is unquestionably a corporation named the Kansas Pacific railway company. There is at least a pretended corporation known and styled the Union Pacific railway company. Whether the consolidation be valid or not, whether the consolidated company had a legal existence or not, there was an attempted organization of such consolidated corporation, whose name is alone "The Union Pacific Railway Company." Of course if the consolidation be valid, such consolidated corporation legally exists, and bears only its chosen and legal name. On the other hand, if the consolidation be void, and the consolidated corporation without legal existence, the proceedings are not tantamount to a mere change of the name of the Kansas Pacific railway company. That corporation has simply pretermitted the discharge of its corporate functions and duties in favor of an irregular association. It has not attempted to assume a new name, to change its old, or permit itself to be known by such new name. Possibly a corporation, like an individual, may permit itself to pass under and be known by other than its legal name, and under such assumed name may sue and be sued; but there is no pretense of anything of this kind here. Neither the Kansas Pacific railway company nor its officers nor stockholders, nor any parties interested in the

organization of the Union Pacific railway company, have assumed, or represented, or in any manner held out the idea that the Kansas Pacific railway company was existing under any other than its legal name. The parties have attempted a consolidation of that corporation with two others; they have pretended nothing else, and if the attempted consolidation fails, it fails *in toto*, and does not work that which was not intended — a change in the legal name of either of the constituent companies. It is well to bear this very clearly in mind, so as not to be misled by the mere name given to the defendant in the petition. The words "Union Pacific, formerly Kansas Pacific railway company," imply identity of corporation, with mere change of name. The testimony discloses no pretense of a change of name, but simply the attempt to organize a new corporation; and whether that attempted organization stands or falls, the names of the constituent companies remain unchanged.

Secondly, it appears impliedly from the petition as originally framed, and clearly from the amendment tendered, that the party sued was the consolidated corporation; but that consolidation, whether it be a legal corporation or an irregular association, did not do the injuries complained of. They were unquestionably done by the Kansas Pacific railway company. Now this consolidation can be held for the liabilities of either constituent company only by and to this extent of express stipulation. If A., B., and C., individuals, enter into partnership, form an association, or organize a corporation, such partnership, association or corporation is in no manner, except by express contract, liable for the individual debts of either A., B., or C. So the Union Pacific railway company, whether a legal corporation or an irregular association, a corporation *de jure* or *de facto,* is not liable for the debt of either constituent company unless it has in terms contracted to become so. Article 8 of the consolidation agreement provides for the transfer to the consolidated company of all the properties of the constituent companies, and closes with the words: "This assignment, transfer, sale and

conveyance is made to the said consolidated corporation subject to all liens, mortgages and equities pertaining thereto."

Article 10 reads as follows:

"The new company hereby formed does not.herein assume any separate or individual liability for the outstanding debts, obligations and liabilities of the respective constituent companies, whose several and separate existence as to third parties shall, as respects such debts, obligations and liabilities of every kind and nature, still continue, notwithstanding these articles of union and consolidation. But nothing herein contained shall prevent any valid debt, obligation or liability of either constituent company from being enforced against the property of the proper constituent company, which by force of these articles becomes the property of the consolidated company. The corporate existence of the respective constituent companies shall not absolutely cease *eo instanti*, on the consummation of the union and consolidation herein provided for, but shall remain and continue so far as necessary to carry out the intent and purpose thereof."

This is all there is in the consolidation agreement, which bears upon the question of the liability of the consolidated company for any of the obligations of the constituent companies. Clearly that is not enough to sustain this action of the plaintiff, which is simply on an unliquidated demand against the Kansas Pacific railway. The consolidated corporation has no power to adjust such a claim and bind the Kansas Pacific railway company by such adjustment; neither can it be compelled to bear the cost and expense of an action for its adjustment. The Kansas Pacific has a right to be heard before any unliquidated demand against it is adjusted and paid out of the properties that it has turned over to the consolidated company. It has never made such consolidated company its agent for the purpose of adjustment.

Again, a judgment recovered in this action becomes a general lien on all the properties of the consolidated company, and this irrespective of the amount of properties received from the Kansas Pacific company. It is true, the amount claimed is but $20,000, and we may presume the value of the properties turned over by the Kansas Pacific to be largely in

excess of this amount; but the principle would be the same if the amount claimed was $2,000,000. The judgment, if non-collectible in Kansas by virtue of existing liens upon the property of the consolidated company here, could be transferred to any other state or territory, and would become a conclusive adjudication upon all the properties of said consolidated company, whencesoever obtained. The silence of the consolidation agreement would authorize no such action. The express repudiation of liability in article 10 only emphasizes the impossibility of maintaining an action like this. So that whether we look upon the defendant as an irregular association or a legal corporation; whether we consider the articles of consolidation and the express stipulations therein as valid, or ignore them entirely, defendant has no authority to adjust this unliquidated demand against the Kansas Pacific; no power to bind it by any admissions in an action; cannot be chargeable with the expense of a litigation for the purpose of adjusting such a demand; and is not liable to a general judgment against it, giving a lien upon all its properties.

Thirdly, the Kansas Pacific is the original, the primary debtor, and therefore *prima facie* the one to be sued for the alleged injuries. If the consolidation agreement be invalid, then of course the Kansas Pacific remains a corporation intact and in full vigor, and alone liable for this demand. If the consolidation agreement be valid, then by its terms the existence of the Kansas Pacific is preserved for the purpose of the settlement of all claims against it, and it, and it alone, is the defendant which must primarily be sued. Whatever proceedings may be proper after judgment for the purpose of enforcing such judgment, the first step is a judgment against the Kansas Pacific. It may be then that a common-law execution will be sufficient, or it may be that the powers of a court of equity will be requisite for the purpose of adjusting liens and equities. But we are met here by the objection of counsel for plaintiff, that according to the testimony there is no way of bringing the Kansas corporation into the courts of this state. It is of course a citizen of this state, being a cor-

poration created by its laws, and yet it has turned all its prop-erties over to a new organization, and is without officer or agent within the limits of the state upon whom to serve pro-cess. To that we reply—*first*, we cannot presume the im-possibility of bringing the Kansas Pacific into court by ordinary process. If summons is placed in the hands of a sheriff, he may find the president of the corporation or some duly-authorized agent upon whom to serve process. We pass by the promise of the learned counsel for defendant, that he himself would enter an appearance for the Kansas Pacific whenever suit was brought against it, with the just remark of the counsel for plaintiff, that it is not a matter of grace or favor, but a matter of right, that a corporation created by the state should be subject to the reach of the process of its courts. It is true the learned counsel for defendant may be the party designated by the Kansas Pacific to receive ser-vice of process. Certainly his appearance in a court would be *prima facie* evidence of his right to enter the appearance of any client, and if there were any reason to doubt his au-thority, the statute (§ 7, ch. 11, Comp. Laws 1879) provides for proof of it. But *secondly*, beyond that, suppose all the officers of the Kansas Pacific are outside the state; that it has made no provision for service within the state, and that there is no individual within the state upon whom service can be made so as legally to bind the corporation; and suppose still further, that the corporation, pretermitting the discharge of its duties and functions as given to it by the state, has ceased all operations within its borders: and yet if there be proper-ties accumulated by the corporation under its charter and in pursuance of the powers given to it by the state, which prop-erties have not been actually appropriated to the discharge of its debts, we think the plaintiff is not without remedy. Within the spirit of the attachment and publication laws, the plaintiff may cause process to issue to seize such properties and bring the defendant corporation into court, by publica-tion as an absconding or concealing debtor. And beyond all this, there remains the visitorial power of the state to inquire

31—28 KAS.

into the proceedings of any corporation it has created, and to pursue and seize any property it has accumulated, for the purpose of applying it to the satisfaction and discharge of its liabilities. In all this we think ample remedy lies with the plaintiff. Hence, in conclusion, we hold that the first step to be pursued by the plaintiff in respect to his claim for damages is, an action against the Kansas Pacific railway company, the corporation which did the wrongs alleged, and an adjustment and adjudication in such action of plaintiff's claim for damages. After such claim has been thus adjudicated and converted into a liquidated debt, then we think the plaintiff may pursue the properties of said Kansas Pacific railway company into whosesoever hands they have passed. It follows from these considerations, that the ruling of the district court was correct, and its judgment must be affirmed.

All the Justices concurring.