A. A. BROCKWAY v. OSWEGO TOWNSHIP, LABETTE COUNTY, KANSAS.

TOWNSHIP, *Does not Conceal Itself.* Although a township in the state fails, neglects and refuses to elect, or permit or allow its trustee, clerk or treasurer to qualify or to designate some person upon whom service of summons or other legal process directed against it can be made, it cannot be brought into court upon service by publication, as it does not thereby, within the terms of the statute, conceal itself.

*Error from Labette District Court.*

NOVEMBER 18, 1882, the district court overruled a motion made by plaintiff *Brockway* to revive a certain judgment in his favor against *Oswego Township*, in Labette county, which ruling he brings to this court. The opinion states the material facts.

*Rossington, Johnston & Smith,* for plaintiff in error; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: On November 22, 1876, the plaintiff recovered a judgment against the defendant in the district court

of Labette county, upon certain orders, signed by the trustee and clerk of the defendant, for the sum of $2,678.90, together with his costs.   On November 15, 1882, the plaintiff gave his notice in writing of that day, to have the judgment revived, and attempted to have the notice served on the defendant.   The notice was returned with the following indorsement:

"Received this summons or notice at 10 o'clock June 16, 1882.    Endeavored to serve the same this nineteenth day of June, by making diligent inquiry for the proper officers upon whom to serve the same.   I return the same not served, for the reason that no one in Oswego township, Labette county, Kansas, could be found holding the offices or acting or exercising the duties of either trustee, clerk or treasurer of said Oswego township.

Miles traveled, 12...................................................$1.20
Not found.............................................................. .15
                                                            ———
                                                            $1.35
D. M. BENDER, *Sheriff*."

The plaintiff, by his attorney, T. C. Cory, on June 26, 1882, filed his affidavit in the office of the clerk of the district court, stating, among other things:

"That the trustee, clerk and treasurer of Oswego township —if any were elected for the year 1882—failed, neglected and refused to qualify or enter upon the discharge of their respective offices; that the defendant township has no trustee, clerk, or treasurer, and no officer or person upon whom service of legal process can be made; that the defendant township fails, neglects and refuses to elect, or permit, or allow its trustee, clerk or treasurer to qualify and enter upon the discharge of their respective duties, for the purpose and with the intent, on the part of the defendant, to avoid the service of summons, notice, or other legal process; that no legal process can be served upon the defendant township, in the state of Kansas; that the defendant township is a resident of the state of Kansas, and by failing, neglecting and refusing to elect, or permit, or allow its trustee, clerk or treasurer to qualify, or to lawfully designate some person upon whom service of summons or other legal process against the defendant can be made, conceals itself with the intent to hinder, delay, and defraud its creditors."

The plaintiff then caused to be published in the *Parsons Sun*,

for three consecutive weeks, a notice to Oswego township of his application to have the judgment revived. On November 18, 1882, the plaintiff's motion to revive the judgment came on for hearing, and plaintiff introduced the record of his judgment and proof of publication of the notice of application to revive. The motion was overruled, and plaintiff brings the case here.

The argument of counsel is, that the affidavit for service by publication clearly showed that the officers or representatives of the defendant so concealed themselves that the notice to have the judgment revived could not be served upon them, and therefore the service by publication was necessary and proper; that the showing for that purpose was sufficient, and as the notice was published for a sufficient length of time, the judgment should be revived. If it can be said that the defendant concealed itself, the argument would be conclusive. We are of the opinion, however, that there is nothing in the case that justifies the service by publication. (Code, §§ 440, 429.) The affidavit filed does not allege in absolute terms that the township has concealed itself, but sets forth that the township, by failing, neglecting and refusing to elect or permit or allow its trustee, clerk or treasurer to qualify, or to lawfully designate some person upon whom service of summons or other legal process directed against it can be made, conceals itself. Such action or failure to act, on the part of the township or on the part of its officers, may be troublesome to the creditors of the township, and work great injustice; but the remedy for such a condition of affairs is with the legislature, not with the courts. The action or non-action of Oswego township does not justify us in saying that the township conceals itself. The township is still an organized township of the state, and a body politic and corporate; it has its boundaries, its people and its property, all within the state and all visible, and does not in fact conceal itself. Therefore, although it has no officers upon whom process can be served, it cannot be brought into court upon service by publication.

There is an intimation in the opinion in *Whipple v. Railway*

*Co.,* 28 Kas. 474, that where a corporation, pretermitting the discharge of its duties and functions, has ceased all operations within the state, a plaintiff may cause process to issue to seize its properties and bring the corporation into court by publication, as an absconded or concealed debtor; but the views thus expressed are mere *dicta.*    It was not necessary to consider that point in the disposition of the case.

The judgment of the district court must be affirmed.

All the Justices concurring.