## ALBERT E. LIGHT VS. CANADIAN COUNTY BANK.

1. The proceedings for the arrest and bail of persons who are charged upon affidavit with having removed or begun to remove any of their property out of the jurisdiction of the court with the intent to defraud their creditors; or that they have begun to convert their property or a part thereof into money for the purpose of placing it beyond the reach of their creditors; or that they have property which they fraudulently conceal, as provided in the Statutes of Oklahoma, ch. 66, art. 9, § 4026, and upon the terms and conditions of said chapter, and upon the arrest of the person so charged, that he or they may be committed to the jail of the county until discharged by law, and may be so held under arrest until it be found by the court upon hearing that the statutory grounds stated in the affidavit were untrue, or that the money, property or assets so referred to have been applied to the payment of the debt sought to be recovered in the action, are not violative of articles 5 and 7 of amendments to the constitution of the United States.

2. In proceedings before the probate judge under the Statutes of Oklahoma, ch. 66, art. 9, Arrest and Bail, the judgment debtor has not a right to a trial by jury upon the hearing of a motion to discharge the order of arrest, on the ground that the allegations in the affidavit on which the order of arrest was granted, are untrue.

3. In proceedings in arrest and bail, the affidavit may be amended at the discretion of the court, when it contains the names of the parties, specifies the amount of indebtedness, and avers a statutory ground for issuing the order of arrest, no matter how defectively the points may be stated.

4. "Due process of law" is the manner of proceeding which has always been recognized as constitutional in England and in this country in the particular class of cases to which the one in question belongs; the person subjected to it being afforded every reasonable opportunity to defend himself of which the nature of the case will admit.

5. Article 7 of amendments to the constitution of the United States preserves the right of trial by jury in such classes of cases in which it existed at the time of the adoption of the constitution, in so far as the legal proceeding applied at that time to the ascertainment of the amount for which judgment was to be entered; but the methods to be adopted for enforcing payment of the amount found to be due from the judgment debtor are within the legislative power of the various states.

6. This court will not reverse a finding of facts made by the probate court upon motion to discharge the order of arrest, because of the insufficiency of the evidence upon which said finding is based, provided the evidence reasonably tends to support its finding.

*Error from the Probate Court of Canadian County.*

STATEMENT OF THE CASE.

Plaintiff in error, on May 22, 1893, executed and delivered to defendant in error his promissory note for $355.75, due in fifteen days from date, but upon the payment of interest in advance, extensions were made up to February 7, 1894. It appeared in evidence that plaintiff in error made a loan of $355.75 from the Canadian County bank, on March 22, 1893, and agreed to pay for the use thereof at the rate of 2 per cent. per month until paid, and mortgaged a quarter section

of land upon which he held the final certificate, to the bank to secure the payment of the loan; and thereafter, on August 25, 1893, he was notified that final proof on the land was suspended, because the notice to make proof was signed by the receiver instead of the register, as required by law. Thereupon he agreed with one Weedman to convert his cash entry into a homestead, and to immediately thereafter relinquish to Weedman in consideration of $1,600. This scheme was planned, the money thereafter paid in cash to plaintiff in error by Weedman. Plaintiff in error gave no notice to the bank that the mortgage given to it as security was then worthless, and that he had arranged with Weedman to make it so, but, pending the execution of the agreement to convert the land and defraud the bank of its lien, he renewed his note in the bank, still concealing from it this fact. In the action upon the note he plead the statute of usury against his contract with the bank, and claims to have paid out the whole amount received from Weedman upon a debt due his brother, and in excursions to Colorado and other states.

Or February 21, 1894, defendant in error brought its action on said note in the probate court of Canadian county to recover the amount thereof, and claiming interest from and after February 7, 1894.

On the same day that summons was issued the plaintiff below filed its affidavit for an order of arrest of Light under the provision of art. 9, civil procedure, alleging the following grounds, viz: (1) That Light had converted his property into money for the purpose of placing it beyond the reach of his creditors; and, (2) That he has property which he fraudulently conceals.

The defendant (Light) was arrested on the day the order was issued.

On February 22, defendant below filed a motion to discharge the order of arrest on the ground that the averments in the affidavit upon which the order was issued were insufficient in law; and pending the hearing of the motion to discharge the order of arrest, Light filed a second motion to discharge the order of arrest on the further and additional ground that the facts set forth in the affidavit were untrue.

On February 27, the cause was heard before the probate court upon the motion to discharge, and over the objection of Light, the court permitted the bank to amend its affidavit, which was accordingly done, and on leave being granted, Light's motion to discharge was extended to cover the amended affidavit.

Upon the hearing of the motion to discharge the order of arrest, the court denied the motion, and found that the plaintiff was entitled to execution against the person of Light, and ordered that he be placed in jail until the judgment should be paid, or that defendant be discharged according to law.

The defendant below brings the case here for review, and alleging error as follows:

"1. The court erred in permitting the plaintiff below to amend its affidavit for arrest in substance by alleging additional grounds to those set forth in the original affidavit.

"2. The court erred in denying the motion of the defendant below to discharge said order of arrest on the ground of the insufficiency of the affidavit for arrest.

"3. The court erred in rendering judgment that execution be issued to the sheriff to arrest the defendant and imprison him until said debt and costs should be fully paid, or defendant discharged according to law."

*Forest & Gunn,* for plaintiff in error.

*Gillette & Brown,* for defendant in error.

The opinion of the court was delivered by

McATEE, J.: The first contention of plaintiff in error is, that the court erred in permitting plaintiff below to amend his affidavit for arrest, in substance, by alleging therein additional grounds for arrest to those set forth in the original affidavit against the objection of the defendant below. This is incorrect. The only allegation not made in the original affidavit which appears in the amended one, is "that he has disposed of his property with intent to defraud his creditors." It has been stated in the original affidavit, "that said defendant, Albert E. Light, has converted his property into money for the purpose of placing it beyond the reach of his creditors." If one converts his property into money for the purpose of placing it beyond the reach of his creditors, that will be disposing of it with intent to defraud his creditors. The other amendments of the affidavit permitted by the court were enlargements of what had been stated in substance in the original affidavit. The whole amendment was such as the court was authorized to permit in order to make the proceedings in the case to conform to the provisions of the code of civil procedure, Statutes of Oklahoma, 1893, § 4017, p. 784.

In states where, by the civil procedure, amendments to the affidavit are authorized, it is held "that when the affidavit contains the names of the parties, and specifies the amount of the indebtedness, and avers a statutory ground for issuing the writ, however defectively any of these points may be stated, it may be amended." (Drake on Attachments, § 113; *Booth vs. Rees*, 26 Ill. 45; *Moore vs. Mauck*, 79 Ill. 391; *Wells Fargo & Co. vs. Danford*, 28 Kan. 481; *Robinson vs. Burton*, 5 Kan. 294.)

The rule thus declared is upon that provision of the civil code which provides, that:

"The court may, * * * in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding * * * or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when the proceeding fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

The rule covers the amendment permitted by the probate court, and is applicable to proceedings in arrest and bail, as in attachment.

The second assignment of error is that the court refused to discharge the order of arrest because of the insufficiency of the affidavit for arrest, but the plaintiff in error does not state in his brief any respect in which the affidavit is insufficient; and as it conforms to the requirements of the code of civil procedure, it is sufficient.

It is further assigned for error that in denying the motion of defendant, plaintiff in error, to discharge the order of arrest because the facts set forth in the affidavit for arrest were untrue, the court erred. The court below passed upon the facts, and they will not be reversed here unless the ruling is clearly against the weight of evidence.

It is further claimed by plaintiff in error under his fourth assignment of error, that the provisions of the statute, ch. 66, art. 9, §§ 148-154, of the code of civil procedure are in contravention of the constitution and laws of the United States, and ·that the order of the probate judge to the sheriff of Canadian county to arrest the plaintiff in error and hold him to bail in double the sum of $355.75, as stated in the affidavit for arrest to be due, was in violation of art. 5 of amendments to the constitution of the United States, providing that, "No person shall be * * * deprived

of life, liberty or property without due process of law." That by the arrest he was deprived of his liberty without due process of law; that the arrest and imprisonment of a citizen on an affidavit, to be kept under arrest or bail until discharged according to law, is not in any sense "due process of law." But that due process of law implies jurisdiction and trial; and further, that art. 7 of amendments to the constitution of the United States provides that "In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." And that this is a suit at common law, and the proceedings in arrest in this case are in violation of the constitution.

Upon this contention it is to be said that "due process of law" is the law in its usual course of administration through courts of justice. (3d Story on the Constitution, 264,-661; 18 How. 722; 13 N. Y. 376).

It means in each particular case such an exercise of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the preservation of individual rights as those maxims prescribe for the class of cases to which the one in question belongs. (*Stewart vs. Palmer*, 74 N. Y. 191; Cooley Const. Limitations, 355).

It is probably wiser to leave the meaning of "due process of law" to be evolved "by the gradual process ·of judicial inclusion and exclusion as the case presented for decision shall require, with the reasoning on which such decision may be founded." (Mr. Justice Miller of the United States supreme court in *Davidson vs. Board of Administration, New Orleans*, 17 Ala., L. J., 223.)

"The peculiar necessities which call for the action of an officer, and whether the power was exercised in the same manner prior to the adoption of the constitution without being regarded as a violation of

the principles of Magna Charta, may be considered; and if it be found that like proceedings have always been recognized as constitutional in England and this country, and if the person subjected to them is accorded every reasonable opportunity to defend his individual rights which the nature of the case will admit, the case being one in which the end sought to be obtained is lawful, — the statute cannot be said to deprive a party of the benefits of due process of law." (Judge Cooley, in *Ex parte Ah-Fook*, 49 Cal., 406.)

It does not necessarily require a trial by jury except in regular common law proceedings. (*Walker vs. Sauvinet*, 92 U. S., 90; *Reagh vs. Spann*, 3 Stewart, Ala., 108; *In re Curry*, 1 N. Y., Civ. Proc., 319; *Church vs. Kelsey*, 7 S. C. Rep., 897; *Donahue vs. Co. of Will*, 100 Ill., 94; *Hilton vs. Merritt*, 110 U. S., 97; *People vs. Haws*, 37 Barb., N. Y., 440; *In re J. W. French*, 13 Fed. Rep., 924; *Risser vs. Hoyt*, 53 Mich., 231.)

So of art. 7 of amendments to the constitution. The constitutional guaranty in the various states, of the right to trial by jury, shall be preserved and shall remain inviolate, refers to the right as it existed at the time of the adoption of the constitution.

That amendment provides that "In suits at common law, when the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," etc. That declaration provides that the right of trial by jury shall be preserved, that is, kept just as it was at the time of the adoption of art. 7 of amendments. This provision does not extend, but preserves the right of trial by jury. Cases to which it was not then applicable, are still exempt from its application.

The provision is also made in such terms as to justify the view that it was intended to apply solely to the ascertainment of the amount or value in controversy, and for which judgment should be entered up, and not to the method of enforcing the judgment of

the court, and to the means within the power of the
court to compel compliance with its orders.   Such
methods of procedure for enforcing compliance with
the orders of the court are within the power of the
legislature of the various states, and the proceeding
for arrest and bail herein referred to is among these
means.

"Due process of law" carries with it, therefore, the
right of trial by jury, when trial by jury has been the
usual course of administration in the particular class
of cases through courts of justice to which the one in
question belongs.   What was, at the time of the adop-
tion of the constitution of the United States, the usual
course of administration through courts of justice, was
grafted into that instrument under the name of "due
process of law."   That term carries with it the right
of trial by jury in all cases in which trial by jury was
a part of the usual course of administration through
courts of justice at the time the constitution was
adopted.   It does not give the right of trial by jury in
cases in which it did not exist at that time.   It does
not give it in the large fields of equitable and admi-
ralty jurisdiction.   It does not take away from the
courts the power to punish contempts summarily,
without the intervention of a jury, as it existed at the
time of the adoption of the constitution.

At the time of the adoption of the constitution, in
proceedings in chancery, if the debtor was ordered to
deliver goods or property and refused to do so, he
was adjudged guilty of contumacy, and was, in aid of,
and to enforce the order of the court, subject to arrest,
and imprisonment until he obeyed the order.   The
order was made, not as a punishment for guilt or
crime, but as a means within the power of the court to
compel obedience to its decrees.   The order was
made only when the debtor was found to have prop-
erty, and the court found it within his power to obey

the order. The proceedings in aid of execution, and the proceedings of arrest and bail provided for in ch. 66, art. 9, code of civil procedure, Arrest and Bail, are substitutes for the former power of the court to enforce compliance with its decrees in such chancery proceedings, and nothing more.

They take nothing away from the rights of the judgment debtor as those rights existed at the time of the adoption of the constitution, as is abundantly shown by the authorities hereinafter cited.

The guarantees relied upon by the plaintiff in error are interpreted by the great preponderance of authority in the courts, as leaving the rights of creditors and debtors unimpaired. As the right to compel the production and delivery of property or money not exempt from execution, found in the ownership or control of the debtor at the time of execution levied by arrest and imprisonment existing at the time of the adoption of the constitution, so it exists now under the proceedings in this case. It is now and was then a method of coercion adopted against the debtor who wilfully disobeys the order of the court. It is no greater and no less, but the same "due process of law" guaranteed by the constitution. When the property or money is delivered in obedience to the order of the court, or the court is satisfied that the plaintiff in error is incapable of obeying the order to deliver, it will be its duty to order his discharge.

But in refusing, at the hearing, to discharge the order of arrest which has been declared upon as error, the court affirmed the statements of the affidavit of arrest, including the statement that the defendant has property which he fraudulently conceals. A finding of fact by the probate court will not be reversed or its correctness called in question here, if the evidence appears to support its finding and that court having found it sufficient.

The legislature may designate the cases in which the court may punish summarily. The right of trial by jury is just that right as it existed at the time of the adoption of the constitution, and at that time it was not the right of the judgment debtor to have a trial by jury, under proceedings in chancery, to enforce obedience to the orders of the court, when the court found from the facts that obedience was possible. And it is not now his right under the proceedings in this case in which the plaintiff in error has been personally arrested in order to compel him to pay money which the court below found to be in his ownership and control, and which he has refused to do, to demand a trial by jury. If it had been his right, he has waived it by going to trial before the probate judge without demanding a jury. (*In re Oldham*, 89, N. C. 23; *State vs. McClaugherty*, 10, S. E. Rep. 407; *In re Burrows*, 7 Pac. Rep. Kan., 148; *Kimball vs. Conner*, 3 Kan. 414; *Kearney's Case*, 13 Abb. Pr. 459; *Ex parte Cohn*, 55 Cal. 204; *Ex parte Smith*, 53 Cal. 195; *State vs. Burrows*, 33 Kan. 10; *Murphy vs. People*, 2 Cow. N. Y., 815, 11 Nev. 39.

The appeal is dismissed and the judgment below affirmed.

All the Justices concurring.