THE UNION PACIFIC RAILWAY COMPANY v. DAVID
GOCHENOUR *et al.*

### No. 8178.

RAILWAY COMPANIES — *Consolidation* — *no Recovery on After-Acquired Notes.* On the 26th of January, 1880, the Kansas Pacific and certain other railway companies were consolidated, forming the Union Pacific Railway Company; but it was provided in the articles of consolidation that the constituent companies should continue in existence for certain purposes. On the 11th of March, following, certain promissory notes were assigned by W. to the Kansas Pacific Railway Company. The Union Pacific Railway Company, in this action, seeks to recover on the notes and to foreclose a mortgage securing the same, claiming title thereto solely by reason of said consolidation. *Held,* That it cannot recover, and that it has failed to establish its ownership of the notes.

*Error from Trego District Court.*

ACTION by The Union Pacific Railway Company against David Gochenour and others. The plaintiff company brings here for review a judgment for defendants. The opinion, filed March 7, 1896, states the material facts.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiff in error.

*John E. Hessin,* and *Lilla Day Monroe,* for Lee Monroe, D. H. Henkel, Lucinda T. Brown and Henry H. Brown, defendants in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by the Union Pacific Railway Company to recover on three promissory notes for $720 each, executed by David Gochenour to Albert E. Warren, and by him indorsed to the Kansas Pacific Railway Company, and to foreclose a mortgage on a section of land given to secure the payment of the same. The petition alleges the indorse-

ment of the notes and the assignment of the mortgage by Warren to the Kansas Pacific Railway Company, and the plaintiff claims title to the notes and mortgage by consolidation with and as the legal successor of said company. The evidence introduced by the plaintiff shows that on the 26th day of January, 1880, the Kansas Pacific Railway Company was consolidated with the Union Pacific Railway Company and the Denver Pacific Railway and Telegraph Company, forming the Union Pacific Railway Company, plaintiff in this action. The indorsements on the notes appear without date, but the assignment of the mortgage, which by its terms also transfers the notes sued on, was made on the 11th of March, 1880, more than six weeks after the consolidation. The articles of consolidation were introduced in evidence, and show that the Kansas Pacific Railway Company did not at once become extinct by reason thereof, but was to continue in existence for the purpose of settling its liabilities. This provision of the articles of consolidation has been held valid by this court in the case of *Whipple v. U. P. Rly. Co.*, 28 Kan. 474. The only parties to this action are the plaintiff and the different defendants who claim an interest in the lands. Neither Albert E. Warren nor the Kansas Pacific Railway Company is in court. There are no averments in the petition of mistake by which the assignment was made to the Kansas Pacific company instead of the Union Pacific, nor is there any statement showing that the consideration paid for the notes moved from the Union Pacific company. Under this state of the case, the plaintiff appears to have no title to the notes. This question was directly raised by the pleadings. The articles of consolidation contain no provision under which promissory notes afterward acquired by the Kansas Pacific

Railway Company would pass to the plaintiff. As this is necessarily decisive of the case, we have deemed it unnecessary to closely examine the questions raised on the motion to dismiss, as well as the other matters discussed in the briefs.

The judgment is affirmed.

All the Justices concurring.